United States District Court
for the
Southern District of Florida

| Cleon Edward Major, Plaintiff, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Civil Action No. 17-21160-Civ-Scola |
| | ) | |
| Rick Ramsey and others, | ) | |
| Defendants. | ) | |

**<u>Order Adopting in Part Magistrate Judge's Report And Recommendation</u>**

This case was referred to United States Magistrate Judge Patrick A. White, consistent with Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. On October 5, 2017, Judge White issued a report, recommending that, upon initial screening in accordance with 28 U.S.C. § 1915, the Court dismiss the Plaintiff's official capacity claims against each of the Defendants; dismiss the individual capacity claims against Defendants Ramsey, Age, Crane, Silvers, and the Deputy Chief and Regional Director of the United States Marshals Office; and allow the failure to protect claim against Defendants Williams and Woods to proceed. (Report of Magistrate, ECF No. 18.) The Plaintiff objects to the recommendation to dismiss the claims against Defendants Ramsey, Age, Crane, Silvers, and the Deputy Chief and Regional Director of the United States Marshals Office (ECF No. 19). For the reasons set forth below, the Court **adopts in part** Judge White's recommendations (**ECF No. 18**).

1. **Factual Background**

The Amended Complaint alleges that, while being held as a federal pre-trial detainee in the Monroe County Detention Center, Defendants Williams and Woods knowingly and deliberately placed the Plaintiff in an area with an "extremely violent and dangerous homophobic prisoner who viciously stabbed plaintiff in the head." (Am. Compl. at 10-11, ECF No. 15.) The Plaintiff filed this suit against six employees of the Monroe County Sheriff's Department, and the Deputy Chief and Regional Director of the United States Marshals Office in their individual and official capacities. (*Id.* at 2-4.) All of the Defendants except Williams and Woods hold supervisory positions within the Monroe County Sheriff's Department or the United States Marshals Office. (*Id.*)

Judge White concluded that the official capacity claims against all of the Defendants should be dismissed under the Eleventh Amendment, the

individual capacity claims against the supervisory officials should be dismissed for failure to state a claim, and the individual capacity claims against Defendants Williams and Woods should proceed. (Report at 6-7.)

### 2. Analysis of Official Capacity Claims

The Plaintiff objects to Judge White's conclusion that the individual defendants are entitled to immunity under the Eleventh Amendment. (Obj.'s at 1-2.) As an initial matter, the Court notes that the Deputy Chief and the Regional Director of the United States Marshals Office are federal employees and are therefore not covered by the Eleventh Amendment, but they are protected by sovereign immunity from § 1983 suits brought against them in their official capacities. *Bernard v. Calejo*, 17 F.Supp.2d 1311, 1314 (S.D. Fla. 1998) (citing *Davis v. United States*, 439 F.2d 1118, 1119 (8th Cir. 1971)). Therefore, the Court agrees with Judge White that the official capacity claims should be dismissed against the Deputy Chief and the Regional Director of the United States Marshals Office. However, the Court finds that Judge White erred in concluding, at this stage, that the Defendants employed by the Monroe County Sheriff's Department are entitled to immunity under the Eleventh Amendment.

Eleventh Amendment immunity bars suits in federal court when an "arm of the state" is sued. *Abusaid v. Hillsborough Cty. Bd. of Cty. Comm'rs*, 405 F.3d 1298, 1303 (11th Cir. 2005). The Eleventh Amendment does not apply to municipalities. *Stanley v. Israel*, 843 F.3d 920, 924 (11th Cir. 2016) (citing *Abusaid*, 405 F.3d at 1301). A Florida sheriff is thus entitled to Eleventh Amendment immunity if he acts as an arm of the state, but not if he acts as an arm of the county. *Abusaid*, 405 F.3d at 1303. Although the Eleventh Circuit has typically found that Eleventh Amendment immunity does not apply to § 1983 suits against Florida sheriffs because Florida's constitution labels them "county officers," "[w]hether a sheriff acts as an arm of the state is a function-specific determination that is based heavily on a detailed analysis of state law, and is often a difficult question . . . ." *Stanley*, 843 F.3d at 921, 924-925. In conducting the analysis, courts must analyze the following four factors: "'(1) how state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity.'" *Id.* at 924 (quoting *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003)).

The Amended Complaint does not contain sufficient information concerning these factors for the Court to conclude that the Defendants employed by the Monroe County Sheriff's Department were acting as an arm of the state and are thus entitled to Eleventh Amendment immunity. Therefore,

the Court declines to adopt Judge White's recommendation to dismiss the official capacity claims against the Defendants employed by the Monroe County Sheriff's Department.

### 3. Analysis of Individual Capacity Claims

With respect to the individual capacity claims, Judge White correctly concluded that the Plaintiff failed to state a claim of supervisory liability under § 1983 against Defendants Ramsey, Age, Crane, Silvers, and the Deputy Chief and Regional Director of the United States Marshals Service because he failed to allege either a history of widespread abuse that put the supervisory officials on notice of the need to correct the alleged constitutional deprivation or a custom or policy that resulted in deliberate indifference to constitutional rights. *See Cottone v. Jenne*, 326 F.3d 1352, 1360-61 (11th Cir. 2003). Judge White also correctly concluded that, under the liberal pleading standards afforded to pro se plaintiffs, the Plaintiff has stated a claim against Defendants Woods and Williams.

### 4. Conclusion

The Court has considered Judge White's report, the Plaintiff's objections, the record, and the relevant legal authorities. The Court **affirms and adopts** Judge White's recommendation to dismiss the official capacity claims against the Deputy Chief and the Regional Director of the United States Marshals Office, although the Court does so based on sovereign immunity rather than Eleventh Amendment immunity. The Court **affirms and adopts** Judge White's recommendation to dismiss the individual capacity claims against Defendants Ramsey, Age, Crane, Silvers, and the Deputy Chief and Regional Director of the United States Marshals Service. The Court **affirms and adopts** the recommendation to permit the individual capacity claims against Defendants Williams and Woods to proceed. Finally, the Court **declines to adopt** Judge White's recommendation to dismiss the official capacity claims against the Defendants employed by the Monroe County Sheriff's Department. The official capacity claims against the Defendants employed by the Monroe County Sheriff's Department shall proceed.

**Done and ordered**, at Miami, Florida, on October 30, 2017.

_____
Robert N. Scola, Jr.
United States District Judge