```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 17-21160-CIV-SCOLA
                                    MAGISTRATE JUDGE P.A. WHITE
```

CLEON EDWARD MAJOR,

    Plaintiff,

vs.

RICK RAMSAY,[1] et al.,

    Defendants.
_____/

**REPORT OF MAGISTRATE JUDGE**
**ON DEFENDANTS' MOTION TO DISMISS**
**(DE#25)**

I. Introduction

This Cause is presently before the Court on the motion to dismiss filed by Defendants Monroe County Sheriff Rick Ramsay and Deputy Sheriffs Timothy Age, Jonathan Crane, Todd Silvers, and Darryl Woods (DE#25), later adopted by Defendant Deputy Sheriff Anthony Williams (DE#44). Plaintiff filed an amended pro se civil rights complaint pursuant to 42 U.S.C. §1983, arising from a claim involving the failure to protect at the Monroe County Detention Facility in April of 2013. (DE# 15). The Plaintiff was previously granted leave to proceed in forma pauperis. (DE#4, 12).

This Matter has been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court. See 28 U.S.C. §636(b)(1)(B),(C); Fed.R.Civ.P.

---

[1] The Monroe County Sheriff's name is spelled, "Ramsay," rather than, "Ramsey."

72(b), S.D.Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2003-19.

## II. Background

In the operative Amended Complaint, the plaintiff named the following defendants, Monroe County Sheriff's Department ("MCSD") Officers Rick Ramsay, Timothy Age, Jonathan Crane, Todd Silvers, Anthony Williams, and Darryl Woods. He also named United States Marshal Amos Rojas, Jr. and the Regional Director of the United States Marshal Service[2] ("USMS") (DE# 15:2-6). He sued all defendants in their individual and official capacities. (Id.).

The amended complaint alleged the following. On April 15, 2013, Williams and Woods knowingly and deliberately placed Plaintiff in an area occupied by an extremely violent and dangerous homophobic prisoner who viciously stabbed the Plaintiff in the head. He suffered severe injuries to his head and was examined by medical personnel. (Id.:10-13).

Plaintiff alleged that United States Marshal Amos Rojas, Jr. entered a contract with the MCSD officers to detain Plaintiff on federal charges. The MCSD officers breached the contract thereby allowing Woods and Williams to violate the Plaintiff's constitutional rights. He further alleged that Defendants Ramsay; Age; Crane; Silvers; Rojas, Jr.; and the USMS were legally responsible for the care, custody, and protection of the Plaintiff. (Id.:10-12).

---

[2] The claims against federal officers are brought under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

2

Plaintiff sought compensatory damages and punitive damages. (Id.:14).

The Undersigned issued a report which reached several conclusions. (DE# 18). First, that the official capacity claim against all of the named Defendants be dismissed for failure to state a claim upon which relief can be granted. (Id.:6-7). Second, that the Plaintiff failed to state a sufficient claim of supervisory liability as to Defendants Ramsay, Age, Crane, Silvers, Marshal Amos Rojas, Jr. and/or the Regional Director of the USMS.(Id.:7-8). Third, that the allegations in the complaint against Officer Williams and Officer Woods stated a valid failure to protect claim. (Id.:12). The report recommended that the amended complaint be dismissed as to defendants Ramsay, Age, Crane, Silvers, Marshal Amos Rojas, Jr. and the Regional Director of the USMS pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted and that the failure to protect claims go forward as to Defendants Woods and Williams, in their individual capacities. (Id.:13). The report also recommended treating the amended complaint as the operative complaint. (Id.).

The District Court issued an order adopting the report in part. (DE# 20). The order (1) dismissed the official capacity claims against the USMS defendants based on sovereign immunity; (2) dismissed the individual capacity claims against Defendants Ramsay, Age, Crane, Silvers, and the USMS defendants; (3) permitted the failure to protect claims go forward against Defendants Williams and Woods in their individual capacity; and (4) declined to adopt the Report's recommendation that the official capacity claims against the MCSD defendants be dismissed. (Id.:3). The District Court specifically noted that the amended complaint did not contain sufficient information to determine whether the MCSD defendants

3

were acting as an arm of the state and were, therefore, entitled to Eleventh Amendment immunity. (Id.:2).

Defendants Ramsay, Age, Crane, Silvers, and Woods of the MCSD have filed a motion to dismiss. (DE# 25). Defendant Williams subsequently filed a notice of adoption of the motion to dismiss. (DE#44). Defendants argue that the official capacity claims against defendants Age, Crane, Silvers, Woods, and Williams are redundant to the official capacity claim against Sheriff Ramsay and that the Plaintiff fails to assert a valid Monell claim against any of the defendants in their official capacities. (Id.:2). Plaintiff filed several responses to the motion to dismiss. (DE# 26, 27, 28, 29). The Defendants filed a reply to the responses. (DE# 30).

### III.   Legal Standard-Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In deciding a motion to dismiss, a court must determine whether the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

4

Id.

When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto. Alvarez v. Attorney General for Fla., 679 F.3d 1257, 1259 (11th Cir. 2012), *citing*, Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000)(per curiam). Further, when considering whether dismissal is appropriate pursuant to Fed.R.Civ.P. 12(b)(6), the court must construe the allegations and draw all reasonable inferences in the light most favorable to the plaintiff. Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006). A complaint may not be dismissed pursuant to Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Lopez v. First Union National Bank of Florida, 129 F.3d 1186, 1189 (11th Cir. 1997). Under Fed.R.Civ.P. 10(c), "attachments are considered part of the pleading for all purposes, including a Rule 12(b)(6) motion." Solis-Ramirez v. U.S. Dep't of Justice, 758 F.2d 1426, 1430 (11th Cir. 1985).

The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. In order to state a claim, a plaintiff must show that conduct under color of

state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Whitehorn v. Harrelson, 758 F.2d 1416, 1419 (11th Cir. 1985).

## IV.   Discussion

*A. Eleventh Amendment Immunity*

For purposes of this discussion, the Undersigned concludes that the Monroe County Sheriff is not an arm of the state and cannot rely on Eleventh Amendment Immunity.

The Eleventh Amendment to the Constitution bars federal courts from entertaining suits against states. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const., amend. XI.

The Eleventh Circuit has repeatedly held that Florida's sheriffs are not arms of the state. This was established definitively in Hafford v. Rodgers, 912 F.2d 1338 (11th Cir.1990), where an Eleventh Circuit panel applied its four-factor test to conclude that a county sheriff was not an arm of the state and, therefore, not entitled to Eleventh Amendment immunity in a §1983 suit in federal court. Other Eleventh Circuit cases have followed the ruling in Hufford. See, e.g., Hutton v. Strickland, 919 F.2d

6

1531, 1542 (11th Cir. 1990) (following Hufford in case involving §1983 claim against sheriff and deputies for trespass arising out of attempts to repossess plaintiffs' property); Ortega v. Schramm, 922 F.2d 684, 694 (11th Cir. 1991) (following Hufford in §1983 case involving malicious prosecution and assault and battery claims arising out of search and arrest by sheriff's deputies); Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991) (following Hufford in §1983 case alleging wrongful arrest and detention); Schmelz v. Monroe County, 954 F.2d 1540, 1543 (11th Cir. 1992) (following Hufford in §1983 suit arising out of inmate's suicide attempt in county jail); Gordan v. Cochran, 116 F.3d 1438, 1439 n.1 (11th Cir. 1997) (entertaining §1983 suit against Florida sheriff for wrongful discharge of employees and noting that Hufford established that Eleventh Amendment was not a bar to §1983 suits against Florida sheriff).

Furthermore, in Schmelz, the Eleventh Circuit specifically concluded that the Monroe County Sheriff was not entitled to Eleventh Amendment Immunity. (citing Hufford v. Rodgers, 912 F.2d 1338 (11th Cir.1990) cert. denied, 499 U.S. 921, 111 S.Ct. 1312, 113 L.Ed.2d 246 (1991)).

In light of the foregoing, the claims against the MCSD officers cannot be dismissed pursuant to Eleventh Amendment immunity.

*B. Deputy Sheriff Defendants*

According to the motion to dismiss, a §1983 suit against a deputy in his or her official capacity is a suit against the entity for which the deputy works. Defendants further assert that because Sheriff Ramsay can be sued in his official capacity, there

is no need to bring official capacity suits against his underlings. (DE# 25:2) (citing Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991); Kentucky v. Graham, 473 U.S. 159, 165 (1985)).

In Brown v. Neumann, 188 F.3d 1289, n.1 (11th Cir. 1999), the Eleventh Circuit explained that the District Court dismissed the deputy sheriff defendant who was sued, along with the sheriff, in their official capacity. The Eleventh Circuit noted that the complaint against the deputy sheriff was "duplicative and superfluous since the Sheriff was sued in his official capacity, and a suit against a government officer in his official capacity is simply a suit against the relevant governmental entity." (citing Graham, 473 U.S. 159). In Neumann, the Plaintiff had not appealed the District Court's decision to dismiss the deputy sheriff pursuant to the principles in Graham.

More recently, the Eleventh Circuit again held that "[c]laims brought against state officers in their official capacity are therefore, in actuality, suits directly against the state agency that the officer represents." Crespo v. Florida Commission on Offender Review, 2017 WL 9324513, *4 (11th Cir. Dec. 6, 2017) (citing Busby, 931 F.2d at 776; Graham, 473 U.S. at 165). The court concluded that a §1983 lawsuit against an individual chairperson on the Florida Commission on Offender Review ("FCOR") was "unnecessary and duplicative" where the Plaintiff was already suing the FCOR in its official capacity. Id.

The Defendants correctly assert that pursuant to Eleventh Circuit precedent, the §1983 lawsuit against Deputy Sheriffs Age, Crane, Silvers, Woods, and Williams, in their official capacity, is redundant to the suit against Sheriff Ramsay, in his official capacity. As a result, dismissal of the complaint as to Age, Crane,

8

and Silvers is appropriate, as the District Court only allowed the official capacity claims to go forward in its prior order. See (DE#20). The official capacity claim against Defendants Woods and Williams should also be dismissed, however, the failure to protect claim against Defendant Woods and Williams in their individual capacities remains pending.

*C. Monell Claim*

Although Sheriff Ramsay is not entitled to Eleventh Circuit immunity and the official capacity claim against him is not redundant under Busby and Graham, the claim against him cannot go forward unless the Plaintiff's complaint sufficiently alleges a claim pursuant to the principles in Monell.

In order to prevail on any official capacity claim, the plaintiff must have demonstrated that there existed a policy or custom which was a moving force behind the deprivation that caused his injury. See Monell v. Dept. of Social Services, 436 U.S. 658 (1978); Gilmore v. City of Atlanta, 774 F.2d 1495, 1504 n.10 (11th Cir. 1986); Depew v. City of St. Mary's, 787 F.2d 1496, 1499 (11th Cir. 1986). Although the Plaintiff's allegations are liberally construed because of his status as a *pro se* litigant, under Haines v. Kerner, 404 U.S. 519 (1972), the Plaintiff must still set forth a proper claim for relief.

In that regard, it is also well-established that supervisors are not subject to section 1983 liability under theories of respondeat superior or vicarious liability for the actions of their subordinates. See Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999). However, the Eleventh Circuit has held that supervisors who are not alleged to have personally participated in the

9

constitutional violation which gave rise to the section 1983 action may nonetheless be liable for a constitutional deprivation "when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Cottone v. Jenne, 326 F.3d 1352, 1360-61 (11th Cir. 2003).

Such a causal connection, may be established: (1) by a history of widespread abuse which puts the supervisor on notice of the need to correct the deprivation and he fails to do so, (2) when a supervisor's "custom or policy ... result[s] in deliberate indifference to constitutional rights," or (3) "when [the] facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." See Cottone, 326 F.3d at 1360-61. (citations and internal quotation marks omitted).

The allegations in the operative amended complaint have failed to establish there is a widespread policy of abuse by Sheriff Ramsay or that Sheriff Ramsay otherwise established a policy that condoned the Williams's and Woods's failure to protect the Plaintiff. An isolated incident, as that complained of herein, is insufficient to establish supervisory liability. See Staley v. Owens, 367 Fed.Appx. 102 (11th Cir. 2010); see also, Lloyd v. Tassel, 318 Fed.Appx. 755 (11th Cir. 2009)(citing Brown v. Crawford 906 F.2d 671 (11th Cir. 1990)(finding the deprivations that constitute widespread abuse so as to put the supervising official on notice must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences).

Here, even construing the facts in the light most favorable to the Plaintiff as the non-moving party, the Plaintiff has not shown that Sheriff Ramsay was present when Woods and Williams placed the

Plaintiff into the cell with a known violent homophonic prisoner, much less that he condoned the decision to do so. Rather, the Plaintiff refers to a contract between the MCSD and the USMS, without explaining the contents of the contract. Plaintiff alleges, in a conclusory manner, that when the MCSD officers "breached the contract" with the USMS, it directly resulted in the decision by Woods and Williams to fail to protect the Plaintiff. These allegations fall short of establishing a Monell violation. As a result, the complaint against Sheriff Ramsay, in his official capacity, should be dismissed.

## V.   Conclusion

Based on the foregoing, it is recommended that the motion to dismiss (DE#25) be GRANTED as follows: (1) Defendants **Ramsay, Age, Crane, and Silvers be dismissed** from these proceedings and (2) the claim against Defendants Woods and Williams, in their official capacity, be dismissed. The failure to protect claim against both Woods and Williams, in their individual capacity, remains pending.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

11

Signed this 1st day of August, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Cleon Edward Major, Pro Se
DC# 00385-104
Coleman Low
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1031
Coleman, FL 33521

Gregory James Jolly
Purdy, Jolly, Giuffreda and Barranco, P.A.
2455 E. Sunrise Blvd. Ste. 1216
Ft. Lauderdale, FL 33304
(954) 462-3200
Fax: (954) 462-3861
Email: greg@purdylaw.com