UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-21160-CV-SCOLA
MAGISTRATE JUDGE REID

CLEON EDWARD MAJOR,

     Plaintiff,

v.

RICK RAMSEY, et al.,

     Defendants.

_____/

## REPORT OF MAGISTRATE JUDGE
## SCREENING CONSOLIDATED COMPLAINT [ECF 70] AND
## RE: DEFENDANTS' MOTION TO DISMISS [ECF 72]

### I. Introduction

The *pro se* Plaintiff, **Cleon Edward Major**, has filed a consolidated complaint, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346; civil rights act, 42 U.S.C. § 1983; and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), against the following defendants: United States of America; United States Marshals Service ("USMS"); Monroe County Sheriff's Department ("MCSD") Sheriff Rick Ramsey; and MCSD Deputies Timothy Age, Jonathan Crane, Todd Silvers, Anthony Williams, and Darryl Woods. [ECF 70, p. 1-17]. This court previously granted Plaintiff's request to proceed *in forma pauperis*. [ECF 4, 12].

- 1 -

Defendants **Ramsay, Age, Crane, Silvers, Woods, and Williams** have filed a motion to dismiss the consolidated complaint. [ECF 72]. For the reasons discussed below, the motion to dismiss should be GRANTED, and the consolidated complaint dismissed.

This case has been referred to the undersigned for issuance of all preliminary orders and recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B), (C), Fed. R. Civ. P. 72(b), S.D. Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2019-02.

## II. Procedural History

### A. Amended Complaint

At the outset, a summary of the lengthy procedural history in this case is warranted.   Plaintiff filed an amended complaint pursuant to 42 U.S.C. § 1983, naming Defendants Ramsey, Age, Crane, Silvers, Williams, Woods, United States Marshal Amos Rojas, Jr., and the Regional Director of the USMS. [ECF 15, p. 2-6]. The claims against the federal officers were brought pursuant to *Bivens*. [*Id.*]. He sued all defendants in their individual and official capacities. [*Id.*].

Plaintiff alleged the following in his amended complaint:

On April 15, 2013, Williams and Woods knowingly and deliberately placed Plaintiff in an area occupied by an extremely violent and dangerous homophobic prisoner who viciously stabbed the Plaintiff in the head. He suffered severe injuries to his head and was examined by medical personnel. [ECF 15, p. 10-13].

> Plaintiff alleges that United States Marshal Amos Rojas, Jr. entered a contract with the Monroe County Sheriff's Department Officers to detain Plaintiff on federal charges. He further alleges that Defendants Ramsey, Age, Crane, Silvers, and the U.S. Marshals were legally responsible for the care, custody, and protection of the Plaintiff. Further, these defendants were aware of and facilitated the actions taken by Officers Williams and Woods. [*Id.* p. 10-13].

[ECF 18, Report Screening Amended Complaint, p. 5-6]. Plaintiff sought compensatory and punitive damages. [ECF 15, p. 14].

## B. Report Screening Amended Complaint

The Magistrate Judge issued a report which reached several conclusions. [ECF 18]. First, that the official capacity claim against all named Defendants be dismissed for failure to state a claim upon which relief can be granted. [*Id.* p. 6-7]. Second, that the Plaintiff failed to state a sufficient claim of supervisory liability as to Defendants Ramsay, Age, Crane, Silvers, Marshal Amos Rojas, Jr., and/or the Regional Director of the USMS. [*Id.* p. 7-8]. Third, that the allegations in the complaint against Officer Williams and Officer Woods stated a valid failure to protect claim. [*Id.* p. 12]. The report recommended that the amended complaint be dismissed as to Defendants Ramsay, Age, Crane, Silvers, Marshal Amos Rojas, Jr. and the Regional Director of the USMS, in their individual and official capacities, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), and that the failure to protect claims go forward as to Defendants Woods and Williams, in their individual capacities. [*Id.* p. 13]. The report deemed the amended complaint operative. [*Id.*].

- 3 -

## C. District Court Order on Screening

The District Court issued an order adopting the report in part. [ECF 20]. The order (1) dismissed the official capacity claims against the USMS defendants based on sovereign immunity; (2) dismissed the individual capacity claims against Defendants Ramsay, Age, Crane, Silvers, and the USMS defendants; (3) permitted the failure to protect claims to go forward against Defendants Williams and Woods in their individual capacity; and (4) declined to adopt the Report's recommendation that the official capacity claims against the MCSD defendants be dismissed. [*Id.* p. 3]. The District Court specifically noted that the amended complaint did not contain sufficient information to determine whether the MCSD defendants were acting as an arm of the state and were, therefore, entitled to Eleventh Amendment immunity. [*Id.* p. 2].

## D. Defendants' First Motion to Dismiss

Defendants Ramsay, Age, Crane, Silvers, Woods, and Williams of the MCSD moved to dismiss the amended complaint. [ECF 25, 44]. Defendants argued that the official capacity claims against them were redundant to the official capacity claim against Sheriff Ramsay and that the Plaintiff failed to assert a valid *Monell* claim against any of the defendants in their official capacities. [*Id.* p. 2]. Plaintiff filed several responses. [ECF 26, 27, 28, 29]. The Defendants filed a reply. [ECF 30].

## E. Report Regarding Defendants' First Motion to Dismiss

The Magistrate Judge issued a report recommending that the motion to dismiss be granted in part. Specifically, that Defendants Ramsay, Age, Crane, and Silvers be dismissed from the proceedings; that the official capacity claim against Woods and Williams be dismissed; and that the failure to protect claims against both Woods and Williams, in their individual capacity, remain pending. [ECF 64, p. 11].

**F. Order Consolidating Cases and Denying First Motion to Dismiss as Moot**

On July 18, 2018, the District Court consolidated this matter with another case brought by the Plaintiff, *see* 18-10087-CV-Scola, and directed Plaintiff to file a consolidated complaint. [ECF 63]. In light of this order, the District Court denied the Defendants' motion to dismiss [ECF 25] as moot, declined to adopt the report [ECF 64] as moot as well. [ECF 63].

**G. Consolidated Complaint**

As is indicated above, Plaintiff filed a consolidated complaint pursuant to the FTCA, § 1983, and *Bivens*. He sues the following defendants: United States; USMS; MCSD Sheriff Ramsey; and MCSD Deputies Age, Crane, Silvers, Williams, and Woods.  [ECF 70, p. 1-17]. Plaintiff alleges claims of (1) negligence, (2) negligent infliction of emotion distress ("NIED"), (3) intentional infliction of emotional distress ("IIED"), (4) failure to prevent harm and/or protect,[1] and (5) breach of

---

[1] Plaintiff describes the claim under count 4 as deliberate indifference to a substantial risk of harm.

contract.  [*Id.*]. He does not raise a specific claim pursuant to the FTCA, but asserts that this court has jurisdiction under the FTCA. [*Id.* p. 3].

### H. Defendants' Motion to Dismiss Consolidated Complaint

Defendants Ramsay, Age, Crane, Silvers, Woods, and Williams have filed a motion to dismiss the consolidated complaint. [ECF 72]. Defendants argue that dismissal is warranted because (1) Plaintiff's complaint is an improper shotgun pleading, (2) Defendants are entitled to sovereign immunity with respect to the state law claims, (3) the IIED claim fails as a matter of law, (4) the failure to protect claim is not supported with facts to establish that Defendants were subjectively aware of a known risk to the Plaintiff, (5) the official capacity claims are deficient as a matter of law, and (6) Plaintiff fails to state a cause of action for breach of contract. [*Id.*].

The Plaintiff has filed a response to the motion, opposing dismissal. [ECF 75], and the Defendants have replied [ECF 77].

### III. Screening Consolidated Complaint Under 28 U.S.C. § 1915A

Because the plaintiff is federal prisoner, seeking redress from governmental entities, employees, or officers, his consolidated complaint is subject to screening under 28 U.S.C. § 1915A, and should be dismissed if it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915A

It is true that complaints filed by *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S.

519, 520 (1972). Although federal courts give liberal construction to *pro se* pleadings, courts "nevertheless have required them to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)(quotation omitted).

Federal Rule Civil Procedure 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2); *Mathew v. Paynter,* 752 F. App'x. 740, 742 (11th Cir. Sept. 27, 2018)(unpublished). There is no required technical form, but "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Each separate claim should be presented in a separate numbered paragraph, with each paragraph "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). The allegations must also "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quotation omitted)(ellipses in original).

The complaint must contain sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 570; *Watts v. Fla. Internat'l Univ.,* 495 F.3d 1289, 1296 (11th Cir. 2007). A claim is plausible on its face if the facts alleged permit the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009). Thus, the allegations in a complaint require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." *Twombly*, 550 U.S. at 544-55; *see also Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indem. Co.*, 917 F.3d 1249, 1262 (11th Cir. 2019).

### IV. Factual Allegations on Consolidated Complaint [ECF 70]

The Plaintiff puts forth the following "general allegations" in his consolidated complaint. [ECF 70, p. 4-7]. Plaintiff was being held on federal charges at the Monroe County Jail ("MCJ") pursuant to a contract between the MCSD and the USMS. [*Id.* p. 4]. The contract expressly or impliedly required MCSD to keep inmates, such as the Plaintiff, safe from harm. [*Id.*]. The Plaintiff was a "third party beneficiary" to the contract's requirement that inmates be kept safe. [*Id.*]. Plaintiff attached a copy of this contract to his consolidated complaint. *See* [*Id.* p. 22-32].

Plaintiff is a homosexual with "somewhat effeminate mannerisms." [*Id.* p. 4]. Prior to the April 15, 2013 incident, Plaintiff's attorney contacted the USMS and expressed concern for Plaintiff's safety to "Marshal Doe." [*Id.*]. Plaintiff and his counsel conveyed the same concerns to "the staff" of the MCJ.  [*Id.*]. Plaintiff attached correspondence from his counsel where counsel explained to Plaintiff that counsel had contacted unnamed individuals at the USMS and MCJ to express the Plaintiff's concerns. [*Id.* p. 34-37]

On April 15, 2013, Plaintiff and Inmate Luis Molina were both being housed in segregation of the MCJ. [*Id.* p. 4]. Molina was separated from all inmates and a sign on his cell door indicated that he was "extremely dangerous" to staff and

inmates alike. [*Id.*]. Another sign on his door stated, "REC ALONE," indicating that he could not go into the dayroom unless it was empty. [*Id.* p. 4-5]. Deputies T. Hodges, Smith, and F. Dominguez heard Molina kicking his door and yelling about "killing all homosexuals." [*Id.* p. 6].

On April 15, 2013, an unnamed officer allowed Plaintiff to visit the dayroom. [*Id.* p. 5]. A short time later, the unnamed officer on duty at a post observing the dayroom saw Molina to enter the dayroom as well.  [*Id.*]. The officer then left his post. [*Id.*]. While Plaintiff was on the phone with his attorney, Molina attacked Plaintiff from behind without provocation or warning. [*Id.*]. Molina stabbed Plaintiff repeatedly with a handful of pencils. [*Id.*].

MCJ procedures required an officer to supervise the activities in the dayroom at all times. [*Id.*]. Because the officer who eventually left Molina and Plaintiff alone in the dayroom left his post,  no officer witnessed the attack and/or was able to immediately restrain Molina. [*Id.*]. The officer who left heard the commotion and walked to the dayroom to investigate. [*Id.* p. 6, 42]. When asked by the officer why he attacked Plaintiff, Molina said "He was being gay, so I punched him." [*Id.*]. Plaintiff attached the MCSD April 19, 2013 investigation report to his consolidated complaint. [*Id.* p. 42]. The name of the reporting officer is redacted. [*Id.*]. The facts outlined by Plaintiff in the consolidated complaint are consistent with the facts described in the report. [*Id.*].

Plaintiff attached a May 3, 2013 Report of Investigation into the attack generated by the USMS. [*Id.* p. 38]. On May 1, 2013, two marshals interviewed Plaintiff. [*Id.*] He stated that three MCJ employees—a captain, lieutenant, and sergeant who were identified by Plaintiff as the "Big 3"—attempted to cover up Molina's assault against him. [*Id.*].These employees were upset that Plaintiff "beat[] his disciplinary case" and failed to move him from the unit. [*Id.*]. Plaintiff stated the Big 3 "were directly responsible for the assault" perpetrated by Inmate Molina. [*Id.*]. The names of the Marshals who interviewed the Plaintiff as well as the names of the "Big 3" are redacted. [*Id.*].

Plaintiff also attached documents establishing that Molina was arrested, charged, and plead no contest to battery as a result of the attack. [*Id.* p. 44-53].

After the attack, Deputy Williams asked Plaintiff, "Why didn't you hit Molina back?" and Deputy Woods said to Plaintiff, "you're going to get raped in the ass and mouth when you get to the feds!" [*Id.* p. 6].

As a result of the attack, Plaintiff has ongoing pain in his head, neck, and back. [*Id.*]. He continues to experience severe anxiety and post traumatic stress. He has panic attacks, insomnia, loss of appetite, and digestive issues. [*Id.* p. 6-7].

The Plaintiff seeks compensatory and punitive damages. [*Id.* p. 4-7].

**IV. Discussion on Screening**

- 10 -

Prior to addressing the motion to dismiss, the Undersigned will conduct an initial screening of the consolidated complaint.

## A. Parties

### i. USMS

Plaintiff sues the **USMS**. The District Court previously held in these proceedings that "the United States Marshals Office [is a] federal employee[] and [is] therefore . . . protected by sovereign immunity from § 1983 suits brought against" it in its "official capacity[y]." [ECF 20, p. 2] (citing *Bernard v. Calejo*, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998); *Davis v. United States*, 439 F.2d 1118, 1119 (8th Cir. 1971)). Plaintiff's consolidated complaint does not raise any arguments or allege any new facts that would require a different conclusion.

### ii. United States of America

Plaintiff also names the **United States** as a defendant. However, Plaintiff only mentions the United States in the caption on the first page of the consolidated complaint. [ECF 70, p. 1]. He does not include any specific allegations against the United States. Thus, any claim against the United States should be dismissed for failure to state a claim upon which relief can be granted.

### iii. Sheriff Ramsey

Plaintiff sues Sheriff **Ramsey** in both his individual and official capacity. It is well-established that supervisors are not subject to § 1983 liability under theories of

*respondeat superior* or vicarious liability for the actions of their subordinates. *Piazza v. Jefferson Cty., Ala.*, 923 F.3d 947, 957 (11th Cir. 2019) (citing *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999)). However, the Eleventh Circuit has held that supervisors who may not have personally participated in the constitutional violation which gave rise to the § 1983 action may nonetheless be liable for a constitutional deprivation "when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360–61 (11th Cir. 2003). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

Such a causal connection, may be established: (1) by a history of **widespread abuse** which puts the supervisor on notice of the need to correct the deprivation and he fails to do so, (2) when a supervisor's "**custom or policy** . . . result[s] in deliberate indifference to constitutional rights," or (3) "when [the] facts support an inference that the supervisor **directed the subordinates** to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Cottone*, 326 F.3d at 1360-61. (citations and internal quotation marks omitted) (emphasis added).

Plaintiff fails to minimally assert facts to support a *Monell* claim against Sheriff Ramsey. Aside from listing him as a defendant in the opening caption, Plaintiff does not refer to Ramsey at any point in his complaint. He groups Ramsey

in with the "named Defendants," without any specific allegations against Ramsey. [ECF 70, p. 8-18]. He does not allege widespread abuse, instead focuses on a single incident involving himself and Inmate Molina. [*Id.* p. 4-7]. He never alleges that the MCJ had a custom or policy which resulted in the attack, nor does he allege that Sheriff Ramsey directed the unnamed officers to place Plaintiff in the dayroom with Inmate Molina. [*Id.*]. Therefore, the official and individual capacity claims against Sheriff Ramsey should be dismissed for failure to state a claim.

Furthermore, while the Eleventh Amendment would protect the state or an arm of the state from suit, the Eleventh Circuit has repeatedly held that Florida sheriffs are not arms of the state. *Hufford v. Rodgers*, 912 F.2d 1338 (11th Cir. 1990) (holding that a Florida county sheriff was not an arm of the state and, therefore, not entitled to Eleventh Amendment immunity in a § 1983 suit in federal court); *Hutton v. Strickland*, 919 F.2d 1531, 1542 (11th Cir. 1990); *Ortega v. Schramm*, 922 F.2d 684, 694 (11th Cir. 1991); *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991). *See also Schmelz v. Monroe Cty.*, 954 F.2d 1540, 1543 (11th Cir. 1992) (holding that a Monroe County Sheriff was not an arm of the state and, therefore, not entitled to Eleventh Amendment immunity in a § 1983 case). As a result, Sheriff Ramsey is not entitled to Eleventh Amendment immunity.

*iv. Deputy Sheriffs*

Plaintiff files suit against Deputy Sheriffs **Age, Crane, Silvers, Woods,** and **Williams** in their individual and official capacities.

The **individual capacity** claims against Age, Crane, and Silvers[2] fail first because he does not allege that any of these defendants were involved in the incident in the dayroom. These three deputies could only be held liable under *Monell*. However, Petitioner does not allege widespread abuse, a custom or policy, or that the deputies directed the unnamed officer to leave Plaintiff alone in the dayroom with Molina.

Turning to the **official capacity** claims against the Age, Crane, Silvers, Woods, and Williams, the Plaintiff seeks to sue the management of the Monroe County Jail by naming not only Sheriff Ramsey in his official capacity, but also all the deputy sheriffs in their official capacities. To the extent Plaintiff is simply attempting to sue the county jail, he need only name Sheriff Ramsey in his official capacity.

In *Brown v. Neumann*, 188 F.3d 1289, n.1 (11th Cir. 1999), the Eleventh Circuit held that a complaint against a deputy sheriff was "duplicative and superfluous since the Sheriff was sued in his official capacity, and a suit against a government officer in his official capacity is simply a suit against the relevant governmental entity." (citing *Kentucky v. Graham*, 473 U.S. 159 (1985)). *See also*

---

[2] The individual capacity claims against Woods and Williams are addressed below.

- 14 -

*Crespo v. Fla. Comm'n on Offender Review*, No. 17-12007-H, 2017 WL 9324513, *4 (11th Cir. Dec. 6, 2017) (holding that "[c]laims brought against state officers in their official capacity are therefore, in actuality, suits directly against the state agency that the officer represents.").

As a result, to the extent Plaintiff's consolidated complaint is filed against Deputy Sheriffs Age, Crane, Silvers, Woods, and Williams in an official capacity, it is "duplicative and superfluous" to the official capacity claim against Sheriff Ramsey. *See Neumann*, *supra*. Any claims against the deputies in their official capacities should also be dismissed.

### B. Failure to Protect and/or Prevent harm

Plaintiff appears to be raising a failure to protect claim against the officers who knew that Molina posed a threat and allowed the Plaintiff and Molina to be alone together in the dayroom.

The failure of prison officials to control or separate prisoners who endanger the physical safety of other prisoners may, under certain conditions, constitute an Eighth Amendment deprivation, or Fourteenth Amendment violation where a pretrial detainee is involved. *See Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996); *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 n. 1 (11th Cir. 2013); *Keith v. DeKalb Cty. Ga.*, 749 F.3d 1034, 1044 n.35 (11th Cir. 2014); *Valderrama v. Rousseau*, 780 F.3d 1108, 1121 n. 16 (11th Cir. 2015). To establish that a defendant

was  deliberately indifferent to the risk that the plaintiff would be injured, the plaintiff has to prove "(1) subjective knowledge of a risk of serious harm, (2) disregard of that risk, (3) by conduct that is more than gross negligence." *Id.* at 1332 (quoting *Townsend v. Jefferson Cty.*, 601 F.3d 1152, 1158 (11th Cir. 2010)). The "prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he must also draw the inference.*'" *Id.* (quoting *Purcell ex rel. Estate of Morgan v. Toombs Cty.*, 400 F.3d 1313, 1319-20 (11th Cir. 2005)) (emphasis in original).

In his general allegations, Plaintiff alleges that several officials were subjectively aware of the risk to the Plaintiff posed by other inmates. His attorney contacted someone at the USMS, identified as "Marshal Doe" by Plaintiff, and informed the "staff" at the MCJ that Plaintiff could be at risk in light of his "sexual orientation and his somewhat effeminate mannerisms." [ECF 70, p. 4]. Plaintiff alleges that Deputies T. Hodges, T. Smith, and F. Dominguez heard Molina threaten to kill all homosexuals. [*Id.*]. However, he did not name these three deputies as defendants. He also alleges that the staff in general knew that Molina posed a threat to everyone in light of signage on Molina's cell door. [*Id.*].

Plaintiff alleges that an officer let him into the dayroom to make phone calls. [*Id.* p. 5]. An unnamed officer ("Deputy Doe") failed stay at his post observing the

dayroom to make sure the Plaintiff remained safe. [*Id.*]. Instead, Deputy Doe left Molina alone in the dayroom with the Plaintiff. [*Id.*]. Deputy Doe knew or should have known that Molina was dangerous. [*Id.*]. Upon hearing the commotion, he "walked" back to investigate. [*Id.*]. Plaintiff alleges sufficient facts to support the conclusion that Deputy Doe knew that Molina posed a risk to the Plaintiff, based on the signs outside Molina's cell. [*Id.*]. Deputy Doe observed Molina enter the dayroom with the Plaintiff and, notwithstanding the risk, left the two alone. [*Id.*].

In his prior complaint [ECF 15], Plaintiff attributed the actions he now attributes to Deputy Doe to Deputies Woods and Williams. He no longer alleges that Woods and Williams were involved in leaving him alone in the dayroom with Molina. He only mentions Woods and Williams when asserting that they made improper comments to the Plaintiff after the attack. As a result, his failure to protect claim against Woods and Williams, in their individual capacity, can no longer go forward.

Plaintiff sufficiently states a failure to protect claim against **Deputy Doe**, in his individual capacity, in his consolidated complaint. [*Id.*]. *See Goodman*, 718 F.3d at 1331-32. However, Plaintiff must identify Deputy Doe sufficiently to allow the USMS to effectuate service. Notably, he has several reports attached to his consolidated complaint which contain relevant redacted information. If he is able to

obtain an unredacted copy of these reports, he could determine which officers were involved. *See* [ECF 70, p. 42-44].

## C. Verbal Threats

Plaintiff appears to be alleging that the verbal threats made by Williams and Woods caused him harm. [ECF 70, p. 6]. It is well settled that derogatory, demeaning, profane, threatening or abusive comments made by an officer, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation. *See Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (mere verbal taunts, despite their distressing nature, directed at inmate by jailers do not violate inmate's constitutional rights). Plaintiff does not state a valid claim against Williams and Woods because he does not allege that they carried out a threat to do physical harm to Plaintiff and verbal abuse alone is insufficient to state a constitutional claim. *Id.* at 1274 n.1; *see also*, 42 U.S.C. § 1997e(e) (an inmate is prohibited from bringing a civil rights action based on mental or emotional injury without a prior showing of physical injury.). Therefore, the claim against Williams and Woods, in their individual capacities, arising from verbal threats should be dismissed under § 1915(e).

## E. *Bivens*[3] Claim

---

[3]In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court "established that the victims of a constitutional violation by a federal agent have a right to recover damages *against the official* in federal court despite the

The Plaintiff also appears to assert several constitutional violations against the United States, or its agencies, those claims also require dismissal because "*Bivens* authorizes suits against individual federal officials, not against the United States." *See McCollum v. Bolger,* 794 F.2d 602, 608 (11th Cir. 1986); *Gonzales-Corrales v. I.C.E.*, 522 F. App'x 619, 623 (11th Cir. 2013) ("[A] plaintiff may not bring a *Bivens* action against a federal agency or a federal officer acting in his official capacity.").

The plaintiff has not identified any individual federal official from the USMS or the United States who purportedly violated his constitutional rights.  Therefore, he cannot sue the United States or the USMS under *Bivens.*

### F. FTCA Claim

The FTCA provides a "limited waiver" of sovereign immunity, giving district courts exclusive jurisdiction of civil actions against the United States for tort claims for money damages arising out of personal injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *See* 28 U.S.C. § 1346(b)(1); 28 U.S.C. § 2674; *Robinson v. United States*, 683 F. App'x 914 (11th Cir. 2017). The FTCA's general waiver of sovereign immunity applies to claims of arising out of "assault, battery, false imprisonment, false arrest, malicious prosecution, deceit, or

---

absence of any statute conferring such a right." *Hartman v. Moore,* 547 U.S. 250, 255 n.2 (2006)(emphasis added).

interference with contract rights." *Millbrook v. United States*, 569 U.S. 50, 52 (2013)(quoting 28 U.S.C. § 2680(h)). The FTCA authorizes suits against the United States, not its agencies. *See* 28 U.S.C. § 2679(a); *F.D.I.C. v. Meyer*, 510 U.S. 471, 476 (1994)("[I]f a suit is cognizable under § 1346(b) of the FTCA, the FTCA remedy is exclusive and the federal agency cannot be sued in its own name") (internal quotation marks omitted).

The FTCA does not create a substantive cause of action against the United States, but provides a mechanism by which a plaintiff may bring a state law tort action against the federal government in federal court. *See Stone v. United States,* 373 F.3d 1129, 1130 (11th Cir. 2004). Under the FTCA, the United States is subject to liability in a tort action in the same manner and to the same extent that a private individual would be under the law of the place where the tort occurred. *Knous v. United States*, 683 F. App'x. 859, 862–63 (11th Cir. 2017) (citing *Daniels v. United States*, 704 F.2d 587, 591 (11th Cir. 1983)); 28 U.S.C. § 1346(b)(1)).

To determine liability under the FTCA, courts must look to the law of the state where the act or omission occurred. *Knous v. United States,* 683 F. App'x. at 862-63 (citing *Daniels*, 704 F.2d at 591). Importantly, "Unless the facts support liability under state law, the district court lacks subject matter jurisdiction to decide an FTCA claim." *Ochran v. United States*, 273 F.3d 1315, 1317 (11th Cir. 2001) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528 (11th Cir. 1990)).

As applied here, however, the United States and the USMS are not liable under the FTCA, 28 U.S.C. § 1346(b), for constitutional tort claims. *See Lopez v. United States*, 656 Fed. Appx. 957, 966 (11th Cir. 2016) (citing *FDIC v. Meyer*, 510 U.S. 471, 478 (1994)). *See also McCollum v. Bolger*, 794 F.2d 602, 608 (11th Cir. 1986) (federal constitutional tort claims are not within scope of the FTCA).

The Plaintiff only mentioned the United States in the caption, without raising any specific factual allegations against it. He alleges that an unnamed Marshal at the USMS knew Plaintiff was concerned about being attacked, however, he does not claim that the USMS, or any individual Marshal, was involved in placing Plaintiff in the dayroom alone with Molina. Contrary to the Plaintiff's position, this court does not have jurisdiction pursuant to the FTCA.

### G. Pendent State Law Claims

Plaintiff raises several state law claims in his consolidated complaint. Specifically, negligence, negligent infliction of emotional distress (NIED), intentional infliction of emotional distress (IIED), and breach of contract.

It is well settled that a federal court has the power to resolve a pendent state issue only if the court already has jurisdiction over the parties. In other words, the parties must either be diverse or there must be a substantial federal claim asserted against the defendants. *Williams v. Bennett*, 689 F.2d 1370, 1379-80 (11th Cir. 1982). Pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. *Id.*

If all federal claims are resolved, it is neither unfair nor inconvenient to the parties to require the plaintiff to pursue his state law claims in state court. *Fiscus v. City of Roswell*, 832 F. Supp. 1558, 1564-65 (N.D. Ga. 1993) (court declined to retain supplemental jurisdiction over state law claims of intentional infliction of emotional distress, false imprisonment, and false arrest after summary judgment awarded for defendants on federal claims of Fourth, Eighth, and Fourteenth Amendment violations). *See also Brown v. Masonry Products, Inc.*, 874 F.2d 1476 (11th Cir. 1989) (when summary judgment properly granted for defendants on all federal claims, the district court was well within its discretion in dismissing the state claims because of lack of pendent jurisdiction).

In this report, the Undersigned has concluded that Plaintiff has failed to state a valid § 1983/*Bivens* claim against the United States; the USMS; Sheriff Ramsey; and/or Deputies Crane, Silvers, Williams, and Woods. As a result, any pendent state claims against these defendants are due to be dismissed.

### H. Merits of State Law Claims

*i. Negligence*

"The elements of a negligence action in Florida are: (1) a legal duty owed by the defendant towards the plaintiff under the circumstances; (2) a breach of that duty by the defendant; (3) the defendant's breach of duty was both the actual and proximate cause of the plaintiff's injuries; and (4) damages as a result of the breach."

*Seale v. Ocean Reef Club, Inc.*, No. 13-21515-CIV, 2013 WL 4647218, at *3 (S.D. Fla. Aug. 29, 2013) (citations omitted); *see also Clay Elec. Coop., Inc. v. Johnson*, 873 So.2d 1182, 1185 (Fla. 2003) (elements are duty or obligation, failure to conform to required standard, "reasonably close causal connection . . . commonly known as 'legal cause' or 'proximate cause,'" and actual loss or damage).

Here, Plaintiff has alleged Defendant **Deputy Doe** was aware that Molina posed a threat to Petitioner, that Deputy Doe failed in his duty to remain at his post to observe the dayroom and prevent Molina from entering and/or quickly intervening when Molina attacked the Plaintiff. However, Plaintiff does not allege that any other defendant was aware of Molina's entrance into the dayroom and/or Molina's subsequent attack. At this juncture, Plaintiff has stated a minimal negligence claim under Florida law arising from Deputy Doe's breach of his duty of care.

### ii. Negligent infliction of emotional distress

The plaintiff's claim of negligent infliction of emotional distress must allege "either impact upon one's person or, in certain situations, at a minimum the manifestation of emotional distress in the form of a discernible physical injury or illness." *Gracey v. Eaker,* 837 So.2d 348, 355 (Fla. 2002). The plaintiff has alleged no facts to support such a finding against any of the Defendants. The allegations are insufficient to state a claim for negligent infliction of emotional distress. Therefore,

- 23 -

this claim must be dismissed for failure to state a claim upon which relief can be granted.

*iii. Intentional infliction of emotional distress*

The plaintiff has also failed to allege sufficient facts to support a claim of intentional infliction of emotional distress. In order to prove intentional infliction of emotional distress, Florida law requires a plaintiff to prove: "(1) deliberate or reckless infliction of mental suffering; (2) by outrageous conduct; (3) which conduct must have caused the suffering; and (4) the suffering must have been severe." *See Hart v. United States,* 894 F.2d 1539, 1548 (11th Cir. 1990)(citing *Metropolitan Life Ins. Co. v. McCarson,* 467 So.2d 277, 278 (Fla. 1985) (adopting definition laid out in Restatement (Second) of Torts § 46).

The Plaintiff has not alleged facts demonstrating that the actions of the named defendants, including Deputy Doe, were intentional, knowing it would cause plaintiff severe suffering. *See Hart v. United States,* 894 F.2d at 1548 (quoting *Ford Motor Credit Co. v. Sheehan,* 373 So.2d 956, 958 (Fla. 1st DCA 1979)). Plaintiff did not allege that Deputy Doe left him alone in the dayroom with Inmate Molina to intentionally facilitate Molina's attack.

*iv. Breach of contract*

A cause of action for breach of contract brought by a third-party beneficiary must include the following allegations: (1) the existence of a contract, (2) the clear

or manifest intent of the contracting parties that the contract primarily and directly

benefit the third party, (3) breach of the contract by a contracting party, and (4)

damages to the third-party resulting from the breach. *Jenne v. Church & Tower, Inc.*,

814 So. 2d 522, 524 (Fla. 4th DCA 2002).

The Defendants correctly argue that the contract between the USMS and the

MCSD, attached to Plaintiff's consolidated complaint [ECF 70, p. 22], does not

clearly manifest an intent to primarily and directly benefit the Plaintiff.

### V. Defendants' Motion to Dismiss

In light of the above screening, the Undersigned has already concluded that

the individual and official capacity claims against Ramsey, Age, Crane, Silvers,

Woods, and Williams should be dismissed. For the same reasons, the court should

grant the motion to dismiss filed by these six Defendants. However, the Undersigned

will address each of the arguments raised in the motion to dismiss.

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a

complaint where the plaintiff has failed to state a claim upon which relief may be

granted. A Rule 12(b)(6) motion tests the legality of the plaintiff's claim, and the

court construes all allegations, as set forth in plaintiff's complaint, as amended, as

true, and resolves all inferences in favor of the plaintiff. *United States v. Gaubert*,

499 U.S. 315, 327 (1991); *Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir.

2008). Review under § 1915 and § 1915A is guided by the same standards used for

Rule 12(b)(6). *See Leal v. Georgia  Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001); *Jemison v. Mitchell*, 380 F. App'x 904, 906 (11th Cir. 2010).

### i. Violation of Fed. R. Civ. P. 8

Defendants argue that the complaint violates Fed. R. Civ. P. 8 because is fails to provide sufficient notice of the claim and grounds upon which it rests. [ECF 72, p. 2-3]. This is clearly the case with respect to Defendants Ramsey, Age, Crane, and Silvers whom he does not even mention within his consolidated complaint.

A complaint that is "replete with conclusory, vague, and immaterial facts" or one that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omission, has been identified as a "shotgun pleading." *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

With respect to Woods and Williams, the consolidated complaint does not constitute a shotgun pleading because it is possible to ascertain the claims against them as described in the general allegations, especially in light of the Plaintiff's *pro se* status. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). While Plaintiff makes many legal conclusions in his complaint, he supports some of the conclusions with specific factual allegations regarding Woods and Williams. Still, for the reasons stated previously, the complaint should be dismissed.

*ii. Sovereign Immunity as to Counts 1, 2, and 5*

Defendants argue that this court should dismiss the claim for negligence (count 1), negligent infliction of emotional distress (count 2), and breach of contract (court 5), against all defendants, in their individual capacities, based on Florida's statute regarding the limited waiver of sovereign immunity.

Pursuant to Florida law, "an officer may not be liable in tort for actions taken in the scope of their employment unless the officer 'acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.'" *Fernander v. Bonis*, 947 So. 2d 584 (Fla. 4th DCA 2007) (quoting Fla. Stat. § 768.28(9)(a)). *See also Richardson v. City of Pompano Beach*, 511 So. 2d 1121 (Fla. 4th DCA 1987) (holding that sovereign immunity principles apply to intentional as well as negligent conduct while noting that intentional conduct is not necessarily wanton and willful).

Defendants correctly argue that Plaintiff does not specifically allege that Ramsey, Age, Crane, Silvers, Woods, or Williams acted in bad faith, with malicious purpose, or with wanton and willful disregard to the Plaintiff's rights or safety. [ECF 70, p. 4-18]. With the exception of Woods and Williams [*Id.* p. 6], he does not mention any of these defendants in the body of his consolidated complaint. His only allegations against Woods and Williams involve verbal threats, which the Undersigned found to be unactionable above.

- 27 -

*iii. Remaining Claims*

Defendants argue that IIED fails as a matter of law [ECF 72, p. 5-6]; that Plaintiff fails to allege a valid failure to protect/prevent harm claim against them [ECF 72, p. 7-9]; that the official capacity claim against Sheriff Ramsey fails under *Monell* [ECF 72, p. 9-11]; and that the consolidated complaint does not allege a valid breach of contract claim [ECF 72, p. 12]. The Undersigned addressed each of these arguments above when screening the consolidated complaint and agrees with the Defendants.

## VI. <u>Recommendations</u>

Based upon the foregoing, it is recommended that:

(1)     the consolidated complaint [ECF 70] be DISMISSED, as to the USMS; the United States; Sheriff Ramsey; and Deputy Sheriffs Crane, Age, Silvers, Woods, and Williams pursuant to 28 U.S.C. § 1915A, for failure to state claims upon which relief can be granted;

(2)     the Defendants' motion to dismiss [ECF 72] be GRANTED and Defendants Ramsey, Crane, Age, Silvers, Woods, and Williams be dismissed;

(3)     The failure to protect and state law negligence claim in the consolidated complaint [ECF 70] go forward against Deputy Doe in his individual capacity.

(4)     Plaintiff be directed to provide this court, by a date certain and to the extent possible, the full name, title, badge number, physical description, and address of Deputy Doe. He should also describe his efforts to obtain the information regarding Deputy Doe's identity. Plaintiff attaches several reports with the names of

officers redacted, obtaining an unredacted copy could lead him
to the necessary information.

Objections to this Report may be filed with the District Court within fourteen days of receipt of a copy of the report. Failure to file timely objections may bar plaintiff from a *de novo* determination by the District Court Judge of an issue covered in this report and may bar the parties from attacking on appeal factual findings accepted or adopted by the District Court Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. §636(b)(1); *Owens v. Schwartz,* 519 F. App'x 992 (11th Cir. May 28, 2013)(unpub.)(finding court erred in adopting report prior to expiration of fourteen-day period for filing objections, but error was harmless, because objections were meritless)(citing 28 U.S.C. § 636(b)(1) and 28 U.S.C. § 2111).

SIGNED this 18th day of July, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   **Cleon Edward Major**, *Pro Se*
      Reg. No. 00385-104
      Coleman Low
      Federal Correctional Institution
      Inmate Mail/Parcels
      Post Office Box 1031
      Coleman, FL 33521

      **Gregory James Jolly**
      Purdy, Jolly, Giuffreda and Barranco, P.A.

2455 E. Sunrise Blvd. Ste. 1216
Ft. Lauderdale, FL 33304
(954) 462-3200
Fax: (954) 462-3861
Email: greg@purdylaw.com