United States District Court
for the
Southern District of Florida

| Cleon Edward Major, Petitioner, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Civil Action No. 17-21160-Civ-Scola |
| | ) | |
| Rick Ramsey and others, | ) | |
| Respondent. | ) | |

### Order Adopting Magistrate Judge's Report And Recommendation

This case was referred to United States Magistrate Judge Lisette M. Reid, consistent with Administrative Order 2019-2 of this Court, for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. On July 18, 2019, Judge Reid issued a report, recommending that the Plaintiff's complaint be dismissed as to the United States Marshal Service ("USMS"), the United States, Sheriff Ramsey, and Deputy Sheriffs Crane, Age, Silvers, Woods, and Williams upon initial screening in accordance with 28 U.S.C. § 1915, and that the Defendants' motion to dismiss be granted. (ECF No. 81.) Judge Reid also ruled that the failure to protect and state law negligence claims go forward against Deputy Doe in his individual capacity. (*Id.*) Moreover, Judge Reid ruled that the Plaintiff be required to identify Deputy Doe and describe his efforts to obtain the information regarding Deputy Doe's identity. (*Id.*) The Plaintiff objects to the recommendation to dismiss the claims against the Defendants. (ECF No. 85). For the reasons set forth below, the Court **adopts** Judge Reid's recommendations (**ECF No. 81**) and **grants** the Defendant's motion to dismiss. **(ECF No. 72**.)

The Plaintiff's Consolidated Complaint alleges that, while being held as a federal pre-trial detainee in the Monroe County Detention Center, the Defendants placed the Plaintiff in a common area with an extremely violent and dangerous homophobic prisoner. (ECF No. 70 at 4-5.) The officer that was supposed to be supervising them walked away and left the Plaintiff alone with the violent prisoner. While the Plaintiff was on the phone, the violent prisoner attacked him and stabbed him repeatedly in the head with a handful of pencils. (*Id.* at 5.) The Plaintiff filed suit against the United States of America, USMS, Monroe County Sheriff's Department, Sheriff Rick Ramsey, and Deputy Sheriffs Timothy Crane, Todd Silvers, Anthony Williams, and Darryl Woods for injuries

sustained at the hands of the violent prisoner because they knew or should have known of the threat to Plaintiff. (*Id.* at 1.)

## I. Judge Reid's Order

Judge Reid dismissed the claims against the USMS based on sovereign immunity and against the United States because there are no allegations against the United States. (ECF No. 81 at 11.) She also dismissed the claims against Sheriff Ramsey in his official and individual capacity for failure to state a claim because aside from the opening caption, "Plaintiff does not refer to Ramsey at any point in his complaint." (*Id.* at 12.) The claims against Deputy Sheriffs Age, Crane, Silvers, Wood, and Williams in their individual and official capacities were also dismissed by Judge Reid. Judge Reid concluded that the claims against the deputies in their individual capacities fail because the Plaintiff does not allege that these defendants were involved in the incident. (*Id.* at 14.) To the extent the deputies are named in their official capacity because the Plaintiff wishes to sue the county jail, he need only name Sheriff Ramsey. Therefore, the claims against the deputies in their official capacities were also dismissed as redundant. (*Id.* at 14-15.)

Judge Reid also found that the Plaintiff's claim for failure to protect against Deputy Doe may proceed. (*Id.* at 17.) Deputy Doe was the officer that failed to stay at his post observing the prisoners in the dayroom. Based on the allegations regarding the signs posted on the violent prisoner's cell, Deputy Doe should have known that he was dangerous. Deputy Doe should have known that leaving the Plaintiff alone with this dangerous prisoner was not safe. (*Id.*) Accordingly, the Plaintiff's claims against Deputy Doe survive.

Judge Reid also dismissed any claims based on verbal threats because it is well settled that derogatory, demeaning, profane, threatening, or abusive comments made by an officer do not rise to the level of a constitutional violation. *See Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989). The Plaintiff's *Bivens* claims were dismissed because the Plaintiff failed to identify any individual federal officials from the USMS or the United States who violated his constitutional rights. (ECF No. 81 at 19.)

Judge Reid held that the Plaintiff's Federal Tort Claims Act (FTCA) claims should be dismissed because the FTCA only provides a mechanism by which a plaintiff may bring a state law tort action against the federal government in federal court. (ECF No. 81 at 20.) It does not create a substantive cause of action against the United States. (*Id.*) According to Judge Reid, the Plaintiff has only asserted constitutional tort claims against the United States and USMS. Because federal constitutional tort claims are not within the scope of the FTCA, the Plaintiff's FTCA claims also fail. Judge Reid also dismissed the pendent

state law claims because the Plaintiff failed to state any valid federal claims. (*Id.* at 22.)

## II. The Plaintiff's Objections

The Plaintiff objects to the "standard used by the Magistrate." (ECF No. 85 at 1.) Judge Reid dismissed a number of claims because the Plaintiff did not name a specific officer or connect an individual defendant to the incident. The Plaintiff believes that he is not required to identify each defendant by name. The Plaintiff specifically objects to the dismissal of his *Bivens* claims. (ECF No. 85 at 1-2.) Judge Reid dismissed the *Bivens* claims because the "plaintiff has not identified any individual federal official from the USMS or the United States who purportedly violated his constitutional rights." (ECF No. 81 at 19.) The Plaintiff believes that his claims should proceed against a "John Doe" U.S. Marshal. The complaint's allegations against Marshal Doe state that the Plaintiff, through his attorney, contacted the United States Marshal's Service and spoke to Marshal Doe. (ECF No. 70 at 4.) Plaintiff's attorney expressed his concern about housing the Plaintiff in a segregated portion of the jail with violent offenders. (*Id.*) Because of his sexual orientation, the Plaintiff was concerned that he would be targeted. (*Id.*) Plaintiff's attorney "was assured that the matter would be taken care of by [Marshal] Doe." (*Id.*)

The Plaintiff does not assert that Marshal Doe was directly involved in transferring or placing the Plaintiff in the jail. Therefore, any liability asserted against Marshal Doe would be in a supervisory capacity. "In a *Bivens* action, proof of causation between the official's conduct and the alleged injury is necessary for there to be liability." *Vega v. Johns*, No. 18-cv-88, 2019 WL 3050398, at *2 (S.D. Ga. July 11, 2019) (citing *FDIC v. Meyer*, 510 U.S. 471, 485-86 (1994)). "Generally, supervisory officials are not liable under *Bivens* for unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Id.* (quoting *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003)). Rather, the plaintiff must allege that the supervisor was personally involved with the violation of his constitutional rights and assert facts supporting his deliberate indifference to the plaintiff's constitutional rights. *Id.* (citing *Barr v. Gee*, 437 F. App'x 865, 875 (11th Cir. 2011)).

The Plaintiff's allegations fail to connect Marshal Doe's conduct with the incident in the dayroom. At most, it shows that Marshal Doe took the Plaintiff's attorney's call and agreed to "take care" of the issue. This does not show deliberate indifference to the Plaintiff's rights, much less that his actions caused the constitutional violation. Therefore, the Plaintiff's claim against Marshal Doe must fail.

The Plaintiff also objects to Judge Reid's dismissal of the FTCA claim. The Plaintiff argues that violations of the duties of the bureau of prisons is actionable under the FTCA. (ECF No. 85 at 3.) Under the FTCA, the United States is subject to liability in a tort action in the same manner and to the same extent that a private individual would be under the law of the place where the tort occurred. *Knous v. United States*, 683 F. App'x 859, 862-63 (11th Cir. 2017). Therefore, "the law of the state where the alleged negligent act or omission occurred governs the rights and liabilities of the parties." *Hinson v. United States*, No. 18-1499, 2019 WL 2869055, at *5 (M.D. Fla. July 3, 2019). "Under Florida law, in order to prove the United States' negligence, Plaintiffs must prove a duty or duties on the part of the United States or its agents, breach thereof, a causal connection between the conduct and Plaintiffs' injuries, and damages caused by the breach." *Dall v. United States*, 42 F. Supp. 2d 1275, 1279 (M.D. Fla. 1998).

The Plaintiff asserts a negligence claim against the USMS. (ECF No. 70 at 8.) In order to sustain a negligence claim, however, the Plaintiff must allege facts to establish causation. As discussed above, the Plaintiff's allegations surrounding Marshal Doe's conduct do not show a causal connection between Marshal' Doe's conduct and the incident in the dayroom. Accordingly, the Plaintiff's claim for negligence must fail. Plaintiff's Count II (negligent infliction of emotional distress) and Count III (intentional infliction of emotional distress) also require causation, which the Plaintiff is unable to assert.

Lastly, the Plaintiff argues that the consolidation of his complaints in case numbers 18-10087-cv-RNS and 17-21160-cv-RNS was detrimental to the Plaintiff and asks the Court to reverse the ruling consolidating the complaints or to allow him to file an amended complaint. (ECF No. 85 at 4-5.) The Plaintiff has been litigating this case since 2017 and has had multiple opportunities to amend. Indeed, this is the third iteration of the Plaintiff's complaint. (*See* ECF Nos. 1, 15, 70.) Because the Court does not find that the Plaintiff has shown good cause to amend the complaint after the Court's deadline to amend pleadings, the Plaintiff's request to file an amended complaint is denied. *See Donley v. City of Morrow*, 601 F. App'x 805, 810-11 (11th Cir. 2015) (affirming district court's decision denying pro se litigant's motion to amend for failure to show good cause after the amendment deadline in the scheduling order had passed).

## III. Conclusion

Based on the foregoing, the Court **affirms and adopts** Judge Reid's recommendation to dismiss the claims against the USMS, the United States, Sheriff Ramsey, and Deputy Sheriffs Crane, Age, Silvers, Woods, and Williams.

The Defendant's motion to dismiss (**ECF No. 72**) is **granted** as to Defendants Ramsey, Crane, Age, Silvers, Woods, and Williams.

The Court also **affirms and adopts** Judge Reid's recommendation to allow the failure to protect and state law negligence claims to go forward against Deputy Doe in his individual capacity. As recommended by Judge Reid, the Plaintiff is directed to provide the Court with Deputy Doe's full name, title, badge number, physical description, and address by **October 15, 2019.** The Plaintiff should also describe his efforts to obtain the information regarding Deputy Doe's identity. The Plaintiff recently filed a "motion to correct the complaint" to add Deputy Doe's identity. (ECF No. 84.) The Plaintiff's motion states that the unredacted incident report says that Deputy Woods was the officer on duty. (*Id.* at 1.) The Plaintiff, however, does not believe this, and believes it was Deputy Williams. The Court will give the Plaintiff until October 15, 2019 to file a statement identifying the officer and explaining his efforts to obtain the information. If the Plaintiff does not file anything by October 15th, the Court will consider his latest motion identifying Deputy Woods "or alternatively" Deputy Williams. (ECF No. 84.)

**Done and ordered**, at Miami, Florida, on September 20, 2019.

_____
Robert N. Scola, Jr.
United States District Judge