United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Cleon Edward Major, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 17-21160-Civ-Scola |
| | ) |
| Rick Ramsey and others, | ) |
| Defendants. | ) |

### Order on Magistrate Judge's Report and Recommendation

This case was referred to United States Magistrate Judge Lisette M. Reid, consistent with Administrative Orders 2003-19 and 2019-2 of this Court, for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. (ECF No. 76.) This matter is before the Court on Judge Reid's Report and Recommendation (ECF No. 88) on Plaintiff Cleon Edward Major's motion to correct the consolidated complaint (ECF No. 84). Having considered the motion, the briefing, the report and recommendation, Major's objection to the report and recommendation, and the record, and upon de novo review, the Court **adopts** the report and recommendation (**ECF No. 88**) and **grants in part and denies in part** Plaintiff Major's motion to correct the complaint (**ECF No. 84**).

### I. Background

On June 13, 2017, Major filed an amended complaint pursuant to 42 U.S.C. § 1983 against, among others, Monroe County Sheriff's Department Deputies Darryl Woods and Anthony Williams. (ECF No. 15.) Major alleged that while being held as a federal pre-trial detainee in the Monroe County Detention Center, the Defendants placed him in a common area with an extremely violent and dangerous homophobic prisoner. (*Id.* at 6.) In order to provide context, Major has described himself as "an effeminate sounding homosexual." (ECF No. 90 at 3.) According to the amended complaint, the supervising correctional officers of the common area abandoned their posts and left Major alone with the violent prisoner. (ECF No. 15.) While Major was on a telephone call, the violent prisoner stabbed him repeatedly in the head with a handful of pencils. (*Id.*) Major originally identified Deputies Woods and Williams as the officers who left him alone in the common area with the dangerous prisoner. (*Id.*) Following an initial screening, Major's complaint was allowed to go forward against Deputies Woods and Williams (ECF Nos. 18, 20), each of whom later appeared in this matter through their counsel, Gregory James Jolly, Esq.

On November 7, 2018, Major filed a consolidated complaint alleging that a Deputy John Doe, rather than Deputies Woods and/or Williams, was responsible for abandoning him in the common area with the dangerous inmate. (ECF No. 70.) Defendants Woods and Williams joined a motion to dismiss for failure to state a claim upon which relief could be granted against them. (ECF No. 72.) The Court dismissed Defendants Woods and Williams, and permitted Major's failure to protect and state law negligence claim to go forward against Deputy John Doe in his individual capacity. (Order, ECF No. 86, *adopting* R. & R., ECF No. 81.) The allegations against Deputy Doe were bolstered by an April 15, 2019 incident report (the "Incident Report") describing the actions taken by a deputy who responded to the attack on Major. (ECF No. 70 at 42.) However, the Incident Report redacted the name of the responding deputy. Left only with claims against an unidentified John Doe, Major was urged by Judge Reid to obtain an unredacted copy of the Incident Report. (ECF No. 81.) Ultimately, this Court ordered Major to "provide the Court with Deputy Doe's full name, title, badge number, physical description, and address by **October 15, 2019**." (ECF No. 86 at 5 (emphasis in original).)

In compliance with the October 15, 2019 deadline to identify Defendant Deputy Doe, Major filed a motion to correct the consolidated complaint by replacing Deputy Doe with Deputies Woods <u>and</u> Williams. (ECF No. 84.) On January 23, 2020, Judge Reid entered a report and recommendation recommending that the motion to correct be granted to the extent Major identified Deputy Woods as the deputy previously identified as Deputy Doe and that the motion to correct be denied to the extent that it also purports to identify Deputy Williams as Deputy Doe. (ECF No. 88.) Major filed a timely objection to the report and recommendation in which he reasserts his position that both Deputy Woods and Deputy Williams should take the place of Deputy Doe. (ECF No. 90.) No responses to the objection were filed. Major's objection to the report and recommendation requires this Court to review the report and recommendation de novo. Fed. R. Civ. P. Rule 72(b)(3).

II. **Analysis**

The issue before the Court is the identity of Deputy John Doe. In support of the motion to correct the consolidated complaint, Major attached a letter (the "Cover Letter") from Mr. Jolly, counsel to Deputies Woods and Williams, which enclosed an unredacted copy of the Incident Report. (ECF No. 84 at 4-6.) Relying on the Incident Report and Cover Letter, Judge Reid recommended that Major's motion to correct the complaint be granted to the extent that Major identified Deputy Woods as the deputy previously identified as John Doe. (ECF No. 88 at 4-5.) Adopting that recommendation would allow the failure to protect

and state law negligence claim in the consolidated complaint go forward against Deputy Woods in his individual capacity. The report explains that "Deputy Darryl Woods is identified [in the Incident Report] as the officer who left the Plaintiff in the common area on the date in question" and "Mr. Jolly expressly states [in the Cover Letter] 'enclosed with this letter is a copy of the incident report which reflects that Deputy Woods is the person in question.'" (ECF No. 88 at 3 (explaining that "Woods's counsel expressly concedes" that Woods is the person in question).) Additionally, Major himself acknowledges that he "was, obviously, an eye-witness to the fact that Deputy Woods was present, but occupied . . . performing duties that would make it impossible for him to be also supervising the inmates in the dayroom where the attack happened." (ECF No. 87 at 1.)

Despite the content of the Incident Report and Major's first-hand observations of Deputy Darryl Woods, Major insists that he should be permitted to proceed against both deputies in case the jury "for some reason" concludes that Deputy Williams is Deputy Doe. (ECF No. 84 at 2.) Major concedes that his "premise" for claiming that Deputy Williams could be Deputy Doe "is speculative." (ECF No. 84 at 2.) Specifically, Major speculates that the Incident Report is part of a cover up and that Mr. Jolly has offered Deputy Woods, "a lowly, inexperienced deputy," "as the sacrificial lamb" in order to protect the more senior Deputy Williams and to reduce the Sherriff's office's exposure to bad press. (ECF No. 90 at 3.)

Although Major attempts to bolster his scapegoat theory by pointing out that he saw video footage showing that Deputy Williams was one of multiple officers on duty (*Id.* at 2), which is a fact that defense counsel concedes in the Cover Letter, the November 7, 2018 consolidated complaint was allowed to proceed solely against the one unidentified officer whose alleged failures resulted in Major's injuries (ECF No. 86). To Major's credit, he accomplished his task of identifying Deputy John Doe. Major obtained an unredacted Incident Report and a concession from defense counsel showing that Deputy Doe is Deputy Woods. However, the Court declines to shoehorn a second (and previously dismissed) officer back into this action based on a speculative theory that is not tethered to the factual allegations in the consolidated complaint. As to Major's objection that "the Magistrate has ignored Mr. Major's stated premise of joint liability of Woods and Williams by not addressing it" (ECF No. 90 at 2), this Court's de novo review has addressed Major's "stated premise." As Major timely identified Deputy Doe, his claims for failure to protect and state law negligence may proceed against Deputy Woods in his individual capacity.

**III.    Conclusion**

Accordingly, the Court **grants in part and denies in part** the motion to correct the complaint (**ECF No. 84**) and **adopts** the Report and Recommendation (**ECF No. 88**). References in the consolidated complaint to Deputy Doe are thus to be interpreted as references to Deputy Darryl Woods. Defendant Deputy Woods's response to the consolidated complaint (ECF No. 70) is **within twenty (20) days** of the entry of this Order. The Clerk of Court is **directed to mail copies of this Order** to the Plaintiff at the address listed below.

**Done and ordered** at Miami, Florida, on March 23, 2020.

Robert N. Scola, Jr.
United States District Judge

*Copy, via U.S. Mail, to*:
Cleon Edward Major, Pro Se
Reg. No. 00385-104
Coleman Low Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1031
Coleman, FL 33521